IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERNEST BRYANT                                              PLAINTIFF

V.                            CIVIL ACTION NO. 2:13-CV-104-KS-MTP

3M COMPANY, et al.                                         DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants in part and denies in part** the Motions for Summary Judgment [178, 180] filed by Defendants 3M Company and Empire Abrasive Equipment Corporation. The Court denies the motion with respect to Plaintiff's claims for silicosis/pulmonary fibrosis, but the Court grants it with respect to Plaintiff's claims for chronic obstructive pulmonary disorder, emphysema, shortness of breath, wheezing, and any other injury or medical condition diagnosed before April 9, 2010.

### I. BACKGROUND

This is a product liability/silicosis case. Plaintiff worked as a sandblaster for several years in the late seventies. He claims that he developed "lung disease and silica related conditions" because he used defective personal respiratory equipment manufactured by Defendants 3M Company and Empire Abrasive Equipment Corporation. Defendants filed Motions for Summary Judgment [178, 180], arguing that Plaintiff's claims are barred by the applicable statute of limitations.

### II. STANDARD OF REVIEW

Rule 56 provides that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

### III. DISCUSSION

Defendants argue that Plaintiff's claims are barred by the applicable statute of limitations. The parties agree that Mississippi Code § 15-1-49 applies. The statute provides, in pertinent part:

> (1)  All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.

> (2)  In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence

should have discovered, the injury.

Miss. Code Ann. § 15-1-49. The Mississippi Supreme Court has clarified subsection (2), holding that "the plain language of the statute" provides that a cause of action accrues "upon discovery of the injury, *not discovery of the injury and its cause.*" *Angle v. Koppers*, 42 So. 3d 1, 5 (Miss. 2010). The question, therefore, is when Plaintiff "'knew' or 'reasonably should have known' that [he] had suffered an injury." *PPG Architectural Finishes, Inc. v. Lowery*, 909 So. 2d 47, 51 (Miss. 2005). This "is an issue of fact to be decided by a jury when there is a genuine dispute." *Phillips 66 Co. v. Lofton*, 94 So. 3d 1051, 1059 (Miss. 2012).

When assessing the party's evidence, the Court should consider a variety of factors. For example, the Mississippi Supreme Court has held that courts "must consider [the plaintiff's] actions . . . ." *Lowery*, 909 So. 2d at 51. "[S]eeking medical attention for side effects or symptoms" may confirm that a plaintiff knew he was injured. *Id.* However, a plaintiff's cause of action may not accrue until he receives a diagnosis, despite previously receiving treatment for symptoms. *See Lofton*, 94 So. 3d at 1059. Neither "absolute certainty" nor "an expert opinion" are required to "vest the right to a cause of action under this state's products liability statute." *Lowery*, 909 So. 2d at 52.

Plaintiff filed his Complaint [180-1] on April 9, 2013. He alleged that Defendants' products caused him to contract "lung disease and silica related conditions." In his discovery responses [195-1, 195-2, 195-3], he claimed to suffer "from shortness of breath, silicosis, and any condition . . . caused by his exposure to

respirable silica." Therefore, if he knew or reasonably should have known of these injuries before April 9, 2010, his claims are barred by the statute of limitations.

The record contains evidence of the following relevant facts:

- Plaintiff began experiencing breathing problems as early as 1991. According to him [178-1], he experienced the same problems then as he does now, but it has gotten worse over time.[1] He experienced shortness of breath as early as 1991,[2] and started wheezing as early as 1992.[3]

- Plaintiff was diagnosed with emphysema as early as 2000.[4]

- Plaintiff was diagnosed with severe chronic obstructive pulmonary disorder ("COPD") as early as 2000.[5]

- In April 2005, x-rays of Plaintiff's lungs revealed prominent "interstitial markings" that the radiologist thought "could be chronic fibrotic type changes," but it was "unclear."[6]

- In 2007, Plaintiff was referred to a pulmonologist,[7] whom he has seen twice a year since then.[8]

- Since 2007, Plaintiff has taken a wide variety of prescription

---

[1]*See* Exhibit 1 to Defendant's Motion for Summary Judgment [178-1], p. 2.

[2]*Id.*

[3]*See* Exhibit 2 to Defendant's Motion for Summary Judgment [178-2], p. 35.

[4]*Id.* at p. 8.

[5]*Id.* at p. 5.

[6]*Id.* at pp. 3-4.

[7][178-1] at pp. 4, 6.

[8]*Id.* at p. 7.

medications for his breathing problems.[9]

- Plaintiff's breathing problems have gradually gotten worse since 2007.[10]

- In January 2007, a radiologist noted "prominent markings" in Plaintiff's lungs.[11]

- Plaintiff has been on oxygen treatment since approximately 2008.[12]

In summary, Plaintiff experienced both wheezing and shortness of breath as early as 1992, and he was diagnosed with both emphysema and severe COPD as early as 2000. In 2005, a radiologist first identified markings on Plaintiff's lungs that "could be chronic fibrotic type changes," but he made no definitive diagnosis.

As this Court has previously noted, the difficulty in applying Section 15-1-49(2) lies in the definition of the word "injury." *See Austin v. Bayer Pharms. Corp.*, No. 5:13-CV-KS-MTP, 2013 U.S. Dist. LEXIS 137480, at *6 (S.D. Miss. Sept. 25, 2013). Does "injury" refer to the symptoms of an underlying medical condition or the medical condition itself? In other words, does a plaintiff's claim accrue when they first experience symptoms, or when they receive a diagnosis of the medical condition underlying the symptoms? Defendants effectively argue that "injury" refers to any symptom, while Plaintiffs argue that it refers to a diagnosis of the underlying medical

---

[9]*Id.* at p. 17.

[10]*Id.* at p. 26.

[11][178-2] at p. 2.

[12][178-1] at pp. 7-8.

5

condition or disease. The Court need not settle this debate, as there exists a Mississippi Supreme Court precedent in a case factually similar to this one.

In *Phillips 66 Co. v. Lofton*, a former oil rig worker claimed that drilling mud caused him to develop asbestosis. *Lofton*, 94 So. 3d at 1057. The Court cited its well-established rule that "the cause of action accrued upon discovery of the injury, not discovery of the injury and its cause." *Id.* at 1059 (punctuation omitted). Lofton filed suit in May 2004, but he had begun "experiencing shortness of breath and exhibited scarring of the lungs as early as 1995." *Id.* He received a diagnosis of pulmonary fibrosis in September 2003, but he did not obtain a "definitive diagnosis of asbestosis" until 2010, *after* he had already filed suit. *Id.* The Court held that he "could not reasonably have known about his injury until he sought treatment in September 2003 for symptoms associated with his asbestosis and was diagnosed with pulmonary fibrosis." *Id.*

Like Plaintiff, Lofton experienced symptoms of his lung condition for years before he filed suit. Lofton also exhibited markings on his lungs for years prior to filing suit – like Plaintiff. But Lofton's claims did not accrue until he received a diagnosis of pulmonary fibrosis. *Id.* Defendants have not provided any evidence that Plaintiff received a silicosis or pulmonary fibrosis diagnosis more than three years before he filed suit in April 2013. Although Defendants describe the April 2005 radiology report[13] as such a diagnosis, the report itself belies their description. The radiologist stated that

---

[13][178-2] at pp. 3-4.

"interstitial markings" on Plaintiff's lungs "could be chronic fibrotic type changes," but he concluded that the films were "unclear." In *Lofton*, the plaintiff "exhibited scarring of the lungs as early as" nine years before he filed suit, but the Mississippi Supreme Court held that his claim did not accrue until he received a diagnosis of pulmonary fibrosis. *Lofton*, 94 So. 3d at 1059. Therefore, the Court finds that there exists a genuine dispute of material fact regarding when Plaintiff first knew or reasonably should have known of his alleged silicosis and pulmonary fibrosis. *See Lofton*, 94 So. 3d at 1059; *Austin*, 2013 U.S. Dist. LEXIS 137480 at *6-*7 (plaintiff's claims accrued when she received diagnosis, rather than when she first experienced abdominal pain).

*Langston* – cited by Defendants – is distinguishable insofar as the plaintiff there was diagnosed with pulmonary fibrosis approximately seven years before filing suit. *Langston v. Pangborn Corp.*, No. 2:12-CV-163-KS-MTP, 2014 U.S. Dist. LEXIS 12305, at *9 (S.D. Miss. Jan. 31, 2014). Furthermore, Langston testified that he researched silicosis approximately five years before filing suit. *Id. McLemore* is also distinguishable. There, a doctor informed the plaintiff "of the correlation between his symptoms and welding" over three years before he filed a lawsuit over manganese welding rods. *Lincoln Elec. Co. v. McLemore*, 54 So. 3d 833, 838 (Miss. 2010). The *McLemore* plaintiff also "sought legal advice which resulted in an initial filing of a lawsuit" prior to the one being addressed by the Supreme Court, in which he effectively claimed the same injuries. *Id.*

To be clear, the Court does not hold that Plaintiff's claims accrued when he received a "B reading" from Dr. Steven Haber on September 14, 2011, or when Dr.

7

Haber provided a silicosis diagnosis on January 14, 2011 – as urged by Plaintiff. First, Plaintiff did not know about the "B reading" until February 2014 – *after* he had already filed suit. *See* [178-1] at p. 16. Similarly, Haber first diagnosed Plaintiff with silicosis on January 14, 2014 – *after* Plaintiff had already filed suit. *See* [192-2]. Therefore, neither Dr. Haber's "B reading" nor his diagnosis report could have provided Plaintiff with the knowledge necessary to file suit.

The Court's decision here should not be construed as holding that a diagnosis is always necessary to vest a plaintiff's claims. Rather, the Court merely applied a factually similar Mississippi case and concluded that a genuine dispute of material fact exists as to whether Plaintiff knew or reasonably should have known of his injuries over three years prior to filing suit.

## IV. CONCLUSION

For the reasons stated above, the Court **grants in part and denies in part** the Motions for Summary Judgment [178, 180] filed by Defendants 3M Company and Empire Abrasive Equipment Corporation. The Court denies the motion with respect to Plaintiff's claims for silicosis/pulmonary fibrosis, but the Court grants it with respect to Plaintiff's claims for COPD, emphysema, shortness of breath, wheezing, and any other injury or medical condition diagnosed before April 9, 2010.

SO ORDERED AND ADJUDGED this 18th day of June, 2014.

> *s/Keith Starrett*
> UNITED STATES DISTRICT JUDGE